# Exhibit 1

**LEVI & KORSINSKY, LLP.**
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

Counsel for Lead Plaintiffs and the Class

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CULLINAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CEMTREX, INC., SAAGAR GOVIL, ARON GOVIL and RENATO DELA RAMA, <br><br> Defendants. | No.: 2:17-cv-01067 (JFB) (AYS) <br><br> STIPULATION AND AGREEMENT OF SETTLEMENT <br><br> Honorable Joseph F. Bianco |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") dated December 21, 2018, is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs Umang Khetarpal, Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen (collectively, "Lead Plaintiffs"),  on behalf of themselves and the putative securities class (collectively, "Securities Plaintiffs"); and Cemtrex Inc. ("Cemtrex"), Saagar Govil, Aron Govil, and Renato Dela Rama (the "Defendants") (collectively with Securities Plaintiffs, the "Settling Parties"), by and through their respective counsel.

1.       WHEREAS, on February 24, 2017, plaintiff Thomas Cullinan filed a class action captioned *Cullinan v. Cemtrex, Inc., et al.*, Case No. 2:17-cv-01067 in the United States District Court for the Eastern District of New York, alleging violations of federal securities laws by Defendants (the "*Cullinan* Action");

2.       WHEREAS, on February 24, 2017, plaintiff Lewis Monteil filed a class action captioned *Monteil v. Cemtrex Inc., et al.*, Case No. 2:17-cv-01070 in the United States District Court for the Eastern District of New York, alleging violations of federal securities laws by Defendants ("*Monteil* Action");

3.       WHEREAS, on February 24, 2017, plaintiff Franck Guerrier filed a class action captioned *Guerrier v. Cemtrex Inc., et al.*, Case No. 2:17-cv-01071 in the United States District Court for the Eastern District of New York alleging violations of federal securities laws by Defendants ("*Guerrier* Action");

4.       WHEREAS, by Order dated March 9, 2018, the Court consolidated the *Cullinan*, *Monteil*, and *Guerrier* Actions and appointed Umang Khetarpal, Benjamin Webb, Gang Chen,

Timothy Heath, and Minh Nguyen as Lead Plaintiffs and approved their chosen counsel, Levi & Korsinsky LLP, as Lead Counsel (the consolidated actions are referred to herein as the "Class Action");

5.     WHEREAS, by Order dated March 12, 2018, the Court closed the *Monteil* and *Guerrier* Actions and directed any further filings in those cases to the *Cullinan* Action and docket number;

6.     WHEREAS, on April 18, 2018 the Court so-ordered the Parties' proposed scheduling order for the filing of an Amended Complaint and briefing on Defendants' motion to dismiss ("Scheduling Order");

7.     WHEREAS, pursuant to the Scheduling Order, Lead Plaintiffs filed an Amended Complaint on May 7, 2018, alleging (Count I) violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder; and (Count II) violations of Section 20(a) of the Exchange Act, against Defendants;

8.     WHEREAS, pursuant to the Scheduling Order, Defendants filed their Motion to Dismiss the Amended Complaint on July 6, 2018;

9.     WHEREAS, Lead Plaintiffs filed their opposition to Defendants' Motion to Dismiss the Amended Complaint and a Motion to Strike certain exhibits in support of the Motion to Dismiss on August 20, 2018;

10.     WHEREAS, Defendants' filed their reply in support of their Motion to Dismiss the Amended Complaint and opposition to Lead Plaintiffs' Motion to Strike on October 4, 2018;

11.     WHEREAS, three actions brought derivatively in the name of Cemtrex were filed against Cemtrex's directors including the individual Defendants, concerning certain of the

alleged misconduct giving rise to the claims in the Class Action (collectively referred to as the "Derivative Actions");

12.    WHEREAS, counsel for the Settling Parties and the plaintiffs in the Derivative Actions engaged the Hon. Faith S. Hochberg, United States District Judge (ret.) ("Mediator"), a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the Class Action and the Derivative Actions. On September 11, 2018, the Settling Parties and Derivative Actions plaintiffs participated in a full-day mediation conference with the Mediator, which was preceded by the submission of mediation statements on the part of the Settling Parties. At the mediation, the participants engaged in extensive arm's-length negotiations with each other, with such negotiations continuing, with the assistance of the Mediator, for several weeks before finally bearing fruit in this Stipulation and settlement of the Derivative Actions;

13.    WHEREAS, on October 2, 2018, the Mediator presented the Settling Parties and their counsel with a Final Mediator's Recommendation ("Recommendation"), and set the deadline for the Settling Parties to accept or reject the Recommendation for October 4, 2018, at 12:00 p.m.   In addition to general releases and standard non-monetary terms, the Recommendation proposed a final financial payment to the Class of $625,000.00, with $22,000.00 of that amount paid to lead plaintiff Mr. Khetarpal and $2,500.00 paid to each of the remaining lead plaintiffs.   The Mediator also attached to her Recommendation a copy of a document demonstrating certain facts concerning defendants' defense to one of plaintiffs' allegations of fraud;

14.    WHEREAS, on October 3, 2018, the Mediator extended the deadline for the Parties to respond to October 4, 2018 at 5:00 p.m.;

15.    WHEREAS, on October 4, 2018, the Mediator informed the Parties that each party had accepted the Recommendation;

16.    WHEREAS, on October 8, 2018, the Parties requested that the Court adjourn the pending motion to dismiss deadlines as a settlement had been reached and that Lead Plaintiffs intend to file a motion for preliminary settlement approval by December 7, 2018;

17.    WHEREAS, on October 9, 2018, the Court granted the Parties' request for an extension and ordered the parties to submit a status report by December 14, 2018 if no motion for preliminary settlement approval is filed by that date;

18.    WHEREAS on October 11, 2018, the Parties executed a term sheet memorializing the Recommendation and several additional terms;

19.    WHEREAS, Lead Plaintiffs' counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Class Action. That process included reviewing and analyzing: (i) documents filed publicly by Cemtrex with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning Defendants; (iii) interviews with certain third-party witnesses; (iv) consultation with experts; (v) the Mediator's Recommendation, including the confirmatory document provided by Defendants; (vi) input of information and advice by Lead Plaintiffs; and (vii) the applicable law governing the claims and potential defenses. This analysis, in the Lead Plaintiffs' judgment has provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described herein;

20.    WHEREAS, Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every

one of the claims alleged in the *Cullinan* Action, *Monteil* Action, or *Guerrier* Action or by Lead Plaintiffs on behalf of themselves and the Settlement Class members, as defined herein, including all allegations or suggestions of wrongdoing in the complaints filed in the *Cullinan* Action, *Monteil* Action, or *Guerrier* Action, or the Amended Complaint;

21.     WHEREAS, this Stipulation, whether or not consummated, any proceedings relating to any settlement of the Class Action, or any of the terms of any such settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants with respect to any fact or matter alleged in the Class Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Defendants are entering into this Settlement solely to eliminate the burden, expense, uncertainty, and distraction of further litigation. This Stipulation also shall not be construed as or be deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Class Action. The Settling Parties wish to settle and compromise any dispute regarding the Class Action or its subject matter, including but not limited to whether the Class Action was filed by the Lead Plaintiffs and defended by Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties agree that the Class Action is being voluntarily settled after advice of counsel and that the terms of the Settlement are fair, adequate, and reasonable;

22.     WHEREAS, in recognition of the attendant risks and costs of continued Class Action and the benefits of resolving this Class Action, the Settling Parties desire to settle and resolve any and all actual or potential claims by, between, or among Securities Plaintiffs, on the

one hand, and the Defendants, on the other hand, arising out of or relating to the subject matter of this Class Action.

23.     WHEREAS, based upon the investigation conducted by Lead Plaintiffs' Counsel, Lead Plaintiffs believe that the claims asserted in the Class Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiffs' Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Securities Plaintiffs, and in their best interests, and Lead Plaintiffs have agreed to settle the claims asserted in the Class Action pursuant to the terms and conditions of this Stipulation, after considering: (a) the substantial benefits that Securities Plaintiffs will receive from settlement of the Class Action; (b) the attendant risks of Class Action; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

24.     AND WHEREAS, Defendants conditionally stipulate, for the limited purposes of this Stipulation and the creation of a settlement class, that the Class Action shall be certified for class treatment under Rule 23 of the Federal Rules of Civil Procedure and that the stipulated settlement class consists of Settlement Class Members, as defined below. This conditional stipulation as to the creation of a settlement class is contingent upon the execution of this Stipulation by the Settling Parties and its final approval by the Court. If this Stipulation is for any reason not finally approved, or is otherwise terminated, Defendants reserve the right to assert any and all available objections and defenses to certification of any class:

25.     NOW THEREFORE, without any admission or concession on the part of the Lead Plaintiffs of any lack of merit in the Class Action whatsoever, and without any admission or concession on the part of Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Class Action whatsoever, it is hereby STIPULATED AND AGREED,

7

by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties hereto from the Settlement, that any and all claims made, or that could have been made, including all Settled Claims (as defined below), by Securities Plaintiffs against the Released Parties (as defined below) shall be compromised, forever settled, forever released, and dismissed with prejudice as provided in this Stipulation and Agreement of Settlement, to the extent as hereafter provided, without costs as to Securities Plaintiffs or Defendants, subject to the approval of the Court, upon and subject to the following terms and conditions:

## A.    CERTAIN DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.    "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to Lead Plaintiffs' Counsel, including attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

2.    "Authorized Claimant" means any Claimant (as defined below) whose claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the Court.

3.    "Award to Lead Plaintiff" means any award by the Court to each Lead Plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

4.    "Claim" or "Claims" means any and all actions, causes of action, proceedings, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, bonds, bills, covenants, damages, demands (whether written or oral), agreements, promises, liabilities,

controversies, costs, expenses, and losses whatsoever, whether in law, in admiralty, or in equity and whether based on any federal, state, or foreign statutory or common-law right of action or otherwise, whether class or individual in nature, foreseen or unforeseen, matured or unmatured, known, or unknown, existing now or to be created in the future, including Unknown Claims.

5. "Claimant" means any Settlement Class Member who files a Proof of Claim and Release (as defined below) in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

6. "Claims Administrator" means the accounting and claims administration firm, RG/2 Claims Administration LLC that Lead Plaintiffs' Counsel requests be appointed by the Court to administer the Settlement and disseminate notice to the Settlement Class.

7. "Court" means the United States District Court for the Eastern District of New York.

8. "Defendants" means Cemtrex, Inc., Saagar Govil, Aron Govil, and Renato Dela Rama.

9. "Effective Date" means the date on which all of the conditions set forth below in paragraph K.1. shall have been satisfied and the Court's Order and Final Judgment, substantially in the form of Exhibit B hereto, becomes "Final." The Court's Order and Final Judgment shall be deemed to be "Final" when either of the following has occurred: (a) if an appeal or review is not sought by any Person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment; or (b) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Final Judgment is no longer subject to further judicial review. However, any appeal or proceeding seeking

subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final, or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

10.     "Escrow Account" means the account selected by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent for the benefit of Lead Plaintiffs and the Settlement Class until the Effective Date of the Settlement.

11.     "Escrow Agent" means _Levi & Korsinsky, LLP or its appointed agents.

12.     "Gross Settlement Fund" means the Settlement Amount plus any interest earned thereon.

13.     "Lead Plaintiffs" means Plaintiffs Umang Khetarpal, Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen.

14.     "Lead Plaintiff's Counsel" means Levi & Korsinsky LLP.

15.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; (iv) any Award to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court.

16.     "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Settlement Class of the proposed settlement, and all expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date.  Half of the Notice and Administration Expenses, not to exceed $25,000 (Twenty-Five Thousand) shall be paid by Defendants, and the remaining amount shall be paid from the Gross Settlement Fund.

17.     "Order and Final Judgment" means the order and judgment entered by the Court, including a Bar Order, approving the Settlement and dismissing the Class Action as against the Defendants with prejudice and without costs to any party.

18.     "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, affiliate, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any legal representative, and, as applicable, their respective spouses, heirs, predecessors, successors, representatives, and assigns.

19.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Settlement of Class Action (the "Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses. Any Plan of Allocation is not part of the Stipulation and the Released Parties shall have no liability with respect thereto.

20.     "Released Parties" means Defendants, their past or present or future subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, and attorneys (including in-house counsel and outside attorneys), auditors, and insurers; the immediate family members, marital communities, representatives, and heirs of the Defendants; any trust of which any Defendant is the settlor or which is for the benefit of any immediate family member of any Defendant; any firm, trust, corporation, or entity in which any of the Defendants has a

controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of the Defendants.

21.     "Securities Plaintiffs" means Lead Plaintiffs and the Settlement Class.

22.     "Settled Claims" means any and all Claims, known or Unknown (as defined herein), accrued or not accrued, at law or in equity, which have been or could have been asserted individually, on behalf of a class and/or derivatively by Lead Plaintiffs and/or any Settlement Class Member against any and all of the Defendants or any and all of the Released Parties that relate to, arise out of, or are based upon (a) any purchase, sale, or ownership of Cemtrex securities during the Class Period and/or (b) any of the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act set forth or referred to in the complaints filed in the Class Action. Settled Claims also include any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Class Action against the Released Parties (including Unknown Claims that arise out of, relate to, or are in connection with the Settlement or resolution of the Class Action against the Released Parties), except claims to enforce any of the terms of this Stipulation.

23.     "Settled Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that (i) have been or could have been asserted in the Class Action by Defendants or their successors and assigns, against Lead Plaintiffs, Settlement Class Members, or any of their attorneys, and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this Class Action or the Settled Claims, including but not limited

to all claims for malicious prosecution or sanctions. "Settled Defendants' Claims" does not include claims to enforce any of the terms of this Stipulation or of the Order and Final Judgment.

24.    "Settlement" means the settlement contemplated by this Stipulation.

25.    "Settlement Amount" means a fund in the amount of $625,000 (Six Hundred Twenty-Five Thousand Dollars).

26.    "Settlement Class" and "Settlement Class Members" mean, for purposes of this Settlement, all Persons who purchased or otherwise acquired Cemtrex securities during the period from December 26, 2012 through and including March 6, 2017 (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, and all current and former officers, directors and control persons of Cemtrex, and such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation. Also excluded are Persons who have a net profit in purchases and sales of Cemtrex securities or otherwise suffered no compensable damages under the securities laws during the Class Period.

27.    "Settlement Class Distribution Order" means the order entered by the Court, upon application of Lead Plaintiffs' Counsel following the occurrence of the events identified in paragraph D.13. below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

28.    "Settlement Class Period" means the period from December 26, 2012 through and including March 6, 2017, inclusive.

29.     "Settlement Hearing" means the final hearing to be held by the Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether all Settled Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; (4) whether the allocation of the Net Settlement Fund should be approved; and (5) whether the application for an award of Attorneys' Fees and Expenses and Awards to Lead Plaintiffs should be approved.

31.     "Unknown Claims" means any and all Settled Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims that Defendants do not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Settled Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, the Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead

Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Settled Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a material element of the Settlement.

## B.  SCOPE AND EFFECT OF SETTLEMENT AND RELEASES

1.  The obligations incurred pursuant to this Stipulation are subject to approval by the Court, such approval becoming Final, and are in full and final disposition of the claims in the Class Action with respect to the Released Parties and any and all Settled Claims.

2.  Pursuant to the Judgment or Alternative Judgment, without further action by anyone, and whether or not a Proof of Claim has been executed and/or delivered by or on behalf of any Settlement Class Member, and subject to ¶ 6 below, on and after the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, beneficiaries, predecessors, affiliates (as defined in 17 C.F.R. part 210.1-02.b), successors and assigns, and any entity claiming by or through any of the Settlement Class Members, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever waived, released, discharged and dismissed with prejudice:

(a)      each and every one of the Settled Claims as against each and every one of the Released Parties;

(b)      all Claims, damages, and liability as to any or all of the Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants' Counsel, and each and every one of the Released Parties that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, the prosecution, defense, or settlement of the Class Action or to this Stipulation or the Settlement; and

(c)      all Claims against any of the Released Parties for attorneys' fees, costs, or disbursements incurred by Lead Plaintiffs' Counsel or the other Settlement Class Members (or any of them) in the Class Action, in connection with or related in any manner to the Class Action, the settlement of the Class Action, or the administration of the Class Action and/or its settlement except to the extent otherwise specified in this Stipulation.

3.      Pursuant to the Judgment or Alternative Judgment, without further action by anyone, and subject to ¶ 6 below, on and after the Effective Date, the Defendants, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, beneficiaries, assigns, and any person or entity claiming by or through any of the Defendants, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged the Settled Defendants' Claims and shall forever be enjoined from prosecuting the Settled Defendant's Claims as against any of the Lead Plaintiffs, Settlement Class Members,

Lead Plaintiffs' Counsel, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

4.      Pursuant to the Judgment or Alternative Judgment, without further action by anyone, and subject to ¶ 6 below, on and after the Effective Date, Lead Plaintiffs' Counsel, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, beneficiaries, predecessors, affiliates (as defined in 17 C.F.R. part 210.1- 02.b), successors and assigns, and any person or entity claiming by or through any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants' Counsel and all Released Parties from any and all Claims, whether known Claims or Unknown Claims, that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Class Action, or to this Stipulation or the Settlement.

5.      Pursuant to the Judgment or Alternative Judgment, without further action by anyone, and subject to ¶ 6 below, on and after the Effective Date, Defendants' Counsel, on behalf of themselves and each of their respective agents, representatives, heirs, executors, trustees, administrators, beneficiaries, predecessors, affiliates (as defined in 17 C.F.R. part 210.1- 02.b), successors and assigns, and any person or entity claiming by or through any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Lead Plaintiffs' Counsel and Lead Plaintiffs and Settlement Class Members from

any and all Claims, whether known Claims or Unknown Claims, that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Class Action, or to this Stipulation or the Settlement.

6.     Notwithstanding above, nothing in the Judgment or Alternative Judgment shall bar any action or Claim by the Settling Parties to enforce the terms of this Stipulation or the Judgment or Alternative Judgment.

7.     The releases and waivers contained in ¶¶ 2-5 above were separately bargained for and are essential elements of this Stipulation.

### C.     THE SETTLEMENT CONSIDERATION

1.     Except as otherwise provided herein, the Gross Settlement Fund shall be held in the Escrow Account until the Effective Date.

2.     Subject to the terms of this Stipulation, and upon receipt from Lead Plaintiffs' Counsel of wiring instructions or at Defendants' election, instructions for delivery of a check, and a completed Form W-9, Cemtrex's insurers, on behalf of the Defendants, shall within twenty business days after the Court issues the Preliminary Approval Order pay or cause to be paid the sum of $625,000 (Six Hundred Twenty-Five Thousand) into the Escrow Account.  That payment shall constitute the Settlement Amount.

3.     The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Awards to Lead Plaintiffs authorized by the Court; and (iv) other fees and expenses authorized by the Court. The balance of the Gross Settlement Fund

remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

4.      Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of Lead Plaintiffs and the Settlement Class until the Effective Date. All funds held by the Escrow Agent shall be deemed to be in custodia legis and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax Expenses, and the Attorneys' Fees and Expenses (which shall be paid to Lead Plaintiffs' Counsel within twenty (20) business days after the Court executes an order awarding such fees and expenses), the Gross Settlement Fund shall not be distributed until the Effective Date.

5.      The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

6.      The Escrow Agent shall invest any funds in short-term United States Treasury Securities (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon. The Released Parties will have no rights with regard to or liability for the management, investment or distribution of the Gross Settlement Fund or Net Settlement Fund or any losses suffered by, or fluctuations in the value of them; provided, however, that nothing herein limits Defendants' right to receive repayment of the Gross Settlement Fund if there is not an Effective Date or the Settlement does not become final. Any funds held in escrow in an amount of less than $150,000 may be held in a bank account insured to the extent possible by the FDIC. Interest earned on the money deposited into the Escrow Account shall be part of the Gross Settlement Fund.

7.      Defendants shall have access to all records of the Escrow Account, and upon request made to the Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts.

8.      After the Effective Date, the Released Parties shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund. The Released Parties shall not be liable for the loss of any portion of the Gross Settlement Fund or Net Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund or Net Settlement Fund.

9.      The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and costs of any kind whatsoever associated with the resolution of this Class Action. Other than the obligation to cause payment of the Settlement Amount, Defendants shall have no obligation to make any payment into the Escrow Account or to any Settlement Class Member or any other Person or entity pursuant to this Stipulation. For the avoidance of doubt, under no circumstances shall the total to be paid by Defendants or Cemtrex's insurers pursuant to this Stipulation exceed the Settlement Amount.

**D.      ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND**

1.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Lead Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court. The Released Parties shall have no liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund.

2.    Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.    To the extent not paid from the Notice and Administration Account, to pay following an order of the Court approving any such payment, the expenses incurred in connection with providing notice to Settlement Class Members, administering and distributing the Net Settlement Fund to Settlement Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.    Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in paragraph F. below.

c.    After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Plaintiffs' Counsel shall file a motion for distribution of the Net Settlement Fund with the Court listing each Authorized Claimant, the amount of each claim that Lead Plaintiffs' Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Net Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

3.    Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release (in substantially the form and content set forth in Exhibit A-3 hereto, which inter alia releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the securities that are the subject of the Proof of Claim and Release, or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

4.      All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Plaintiffs' Counsel in its discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Class Action. Provided that it is received before the motion for the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.      Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, under the supervision of Lead Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

6.      Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.      Proofs of Claim that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant

in order to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph D.8. below.

8.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) business days after the date of mailing of the notice required by paragraph D.7. above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.      The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' counsel, for approval by the Court in the Settlement Class Distribution Order.

10.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Class Action or Settlement in connection with processing of the Proofs of Claim, nor shall any discovery from or of the Released Parties be permitted on any topic.

11.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties arising out of or relating to the Settled Claims.

12.     All proceedings with respect to the administration, processing, and determination of claims described by this paragraph of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Plaintiffs' Counsel for a Settlement Class Distribution Order only after all of the following having occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

14.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have

Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization designated by Lead Plaintiffs' Counsel.

15.    Before the Effective Date, Lead Plaintiffs' Counsel shall file with the Court a declaration from the Claims Administrator under penalty of perjury describing how notice of the Settlement was given to the Settlement Class and listing the names and addresses of all Persons to whom individual notice of the Settlement was mailed.

16.    No Person shall have any claim of any kind against the Released Parties or their counsel with respect to the matters set forth in this Section or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

**E. TAX TREATMENT**

1.    The Settling Parties agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created. In addition, the Escrow Agent and, as required, the Settling Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in

Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Plaintiffs' Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.      For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be Lead Plaintiffs' Counsel. Lead Plaintiffs' Counsel shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3. hereof.

3.      All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon the Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund. In all events, the Released Parties

shall have no liability for Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Settlement Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1468B-2(l)(2)). The Released Parties shall have no responsibility or liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

### F. ALLOCATION OF NET SETTLEMENT FUND

1.     The Plan of Allocation is based upon Lead Plaintiffs' Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members.

2.     Defendants do not and shall not take any position as to the proposed Plan of Allocation.

3.     The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Settlement Class Members.

4.     Defendants shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Order and Final Judgment to

be entered by the Court. No Claimant or Authorized Claimant shall have any claim against the Released Parties or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund or the Net Settlement Fund.

5.      No Authorized Claimant shall have any claim against Lead Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

### G.      OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT

1.      The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by

this Stipulation. The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.

**H.    LEAD PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

1.    Lead Plaintiffs' Counsel intends to submit an application to the Court, on notice to counsel for Defendants, for the payment of Attorneys' Fees and Expenses, including: (i) an award of attorneys' fees up to twenty-five percent of the Settlement Amount; (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Class Action; and (iii) an Award to Lead Plaintiffs (for reimbursement of time and expenses).

2.    Any attorneys' fees and costs and Award to Lead Plaintiffs awarded by the Court shall be paid from the Gross Settlement Fund within two business days after the Court executes an order awarding such fees and expenses. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Attorneys' Fee and Expense award is overturned or lowered, or if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final and binding upon the Class, then, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, Lead Plaintiffs' Counsel shall refund to the Gross Settlement Fund such fees and expenses previously paid to them from the Gross Settlement Fund plus interest thereon, if any, at the same rate as earned on the Gross Settlement Fund in an amount consistent with such reversal or modification. Lead Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

3. Lead Plaintiffs' Counsel waives the right to make an additional application or applications for payment from the Gross Settlement Fund for fees and expenses incurred after the Settlement Hearing. Defendants shall take no position on any application concerning Lead Plaintiffs' Counsel's request or award of attorneys' fees and reimbursement of expenses, or Awards to Lead Plaintiffs.

4. It is agreed that the procedure for and the allowance or disallowance by the Court of any applications by Lead Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, and any order or proceeding relating thereto, are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any fee and expense application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Plaintiffs' Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Settled Claims, or any other orders entered pursuant to the Stipulation.

5. Lead Plaintiffs and Lead Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to fees and expenses in the Class Action.

6. With the sole exception of the obligation to cause the payment of the Settlement Amount, Defendants and Cemtrex's insurers shall have no responsibility for, and no liability

whatsoever with respect to, any payment whatsoever to Lead Plaintiffs' Counsel that may occur at any time.

7.      Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Lead Plaintiffs' Counsel, or any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Class Action.

8.      Defendants shall have no responsibility or liability whatsoever with respect to any attorneys' fees, costs, or expenses incurred by or on behalf of the Settlement Class Members, whether or not paid from the Escrow Account.

## I.      THE PRELIMINARY APPROVAL ORDER

1.      Promptly after execution of this Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Settlement Class of the Settlement Hearing. The Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall contain exhibits substantially in the form set forth in: (i) the Notice of Pendency and Settlement of Class Action (the "Notice") (Exhibit A-1 to the Preliminary Approval Order); (ii) the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); and (iii) the Proof of Claim and Release (Exhibit A-3 to the Preliminary Approval Order).

2.      The Released Parties are not liable or responsible for the method of, or representations made in, the Notice or the Summary Notice.

**J.** **ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT**

1. If the Court approves the Settlement contemplated by this Stipulation, the Settling Parties shall seek to have the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto.

2. The Order and Final Judgment shall contain a PSLRA contribution bar provision that provides as follows:

> In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the Class Action (i) by any person or entity against any of the Released Parties and (ii) by any of the Released Parties against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (ii) the Released
>
> Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution.

**K.** **CONDITIONS OF SETTLEMENT**

1. The Effective Date of the Settlement shall be conditioned upon the occurrence or waiver of ALL of the following events:

a. The Court shall enter the Preliminary Approval Order in all material respects, as required by paragraph I. above;

b. No party shall have exercised within the required time period any right to terminate the Settlement as permitted by paragraph L below;

c. The Court shall enter the Order and Final Judgment in all material respects, as required by paragraph J. above;

d.     The Court's Order and Final Judgment, substantially in the form of Exhibit B, shall have become "Final," as defined in paragraph A.9.; and

e.     The sum of $625,000 (Six Hundred Twenty-Five Thousand Dollars) shall have been paid, as set forth in paragraph C.1. above.

2.     Upon occurrence of ALL of the events referenced in paragraph K.1. above, Lead Plaintiffs shall have, and each and all of the members of the Settlement Class shall hereby be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever, released, settled, and discharged, in accordance with the terms of paragraph B. above, the Released Parties, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

3.     Upon occurrence of ALL of the events referenced in paragraph K.1. above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Cemtrex's insurers pursuant to paragraph L.4. or any other provision hereof shall be absolutely and forever extinguished.

**L.     RIGHTS OF TERMINATION AND EFFECTS THEREOF**

1.     The Settling Parties shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel of the Settling Parties within thirty (30) calendar days after the date on which any of the following occurs:

a.     the Court issues an order declining to enter the Preliminary Approval Order in any material respect;

b.     the Court issues an order declining to approve this Stipulation or any material part of it;

c.      the Court declines to enter the Order and Final Judgment in any material respect as required by paragraph J. above;

d.      the Order and Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court;  or

e.      in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Settling Parties elects  to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by a Court of Appeals or the Supreme Court. For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting an application for attorneys' fees or expenses or any plan of allocation.

2.      If prior to the Settlement Hearing, (i) Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased Cemtrex securities during the Settlement Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the Settling Parties (the "Supplemental Agreement"), or (ii) Persons file lawsuits alleging fraud in connection with the purchase of more than the amount of Cemtrex securities specified in the Supplemental Agreement, then Defendants shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, and the Supplemental Agreement shall not be

filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, and in such case will be filed under seal. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be promptly delivered to Defendants counsel so as to be received no later than five (5) calendar days after receipt or fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

a.      To exercise the Opt-out Termination Option, Defendants must serve written notice, signed by their counsel, upon counsel for Lead Plaintiffs, not less than seven (7) calendar days before the Settlement Hearing;

b.      If Defendants exercise the Opt-out Termination Option as provided herein, this Stipulation shall be null and void, and the provisions of paragraph L. hereof shall apply.

3.      If the Settlement Amount payable pursuant to paragraph C.1. of this Stipulation is not paid, then Lead Plaintiffs, in their sole discretion, may elect, at any time prior to the Court's entering the Order and Final Judgment, (a) to terminate the Settlement by providing written notice to Defendants' counsel; or (b) to enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

4.      If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 1-3 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and

(ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiffs, as applicable.

5.      Upon termination of the Stipulation pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for notice to the Settlement Class pursuant to the terms of the Stipulation, to Cemtrex's insurer within ten (10) business days thereafter (the "Returned Settlement Amount").

6.      If this Stipulation is terminated pursuant to its terms, and at the request of Defendants or Lead Plaintiffs, the Escrow Agent or his designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Cemtrex's insurer.

7.      If this Stipulation is terminated pursuant to its terms, all of the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Class Action, and shall revert to their respective positions in the Class Action, except that the provisions of paragraphs E.1-3; G; L.6-9; M; N.4-6, 8, 13-14, and 17-18 shall survive termination.

8.      No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses, or Awards to Lead Plaintiffs awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

9.      Defendants' conditional stipulation to the creation of a Settlement Class is contingent upon the completion of all terms of this Stipulation and the Settlement contemplated hereby becoming Final. If the Stipulation and Settlement does not, for any reason, gain final

approval and become effective, Defendants reserve the right to assert all of their objections and defenses to certification of any class, and Lead Plaintiffs will not offer Defendants' conditional stipulation to certification of a Settlement Class as any evidence in support of a motion to certify any class.

### M.     NO ADMISSIONS

1.      Except as set forth in Paragraph M.2 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties for any purpose other than in an action to enforce the terms hereof, and in particular:

a.      do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by the Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Class Action or in any litigation, including but not limited to the Settled Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

b.      do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs or any other members

of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs or the other members of the Settlement Class;

c. do not constitute, and shall not be offered or received against or to the prejudice of Defendants or against Lead Plaintiffs or any other members of the Settlement Class, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

d. do not constitute, and shall not be construed against Defendants, Lead Plaintiffs, or any other members of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

e. do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other members of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

2. Defendants may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policies. The Settling

Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## N.        MISCELLANEOUS PROVISIONS

1.        The Settling Parties: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.        The Settling Parties acknowledge and warrant as follows:

a.        By executing this Stipulation, each of the Settling Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.        By executing this Stipulation, each of the Settling Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without the consent, approval, or authorization of any Person;

c.        By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected.

d.      By executing this Stipulation, each of the Settling Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, non-monetary, or injunctive relief known or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation.

e.      By executing this Stipulation, each of the Settling Parties represents that no representations or promises of any kind or character have been made by any other Settling Party, Released Party, or anyone else to induce the execution of this Stipulation except as expressly provided herein.

f.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained herein.

g.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed or purported to assign, transfer, or convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims.

h.      By executing this Stipulation, each of the Settling Parties represents that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

i.      By executing this Stipulation, each of the Settling Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

3. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

4. No amendment or modification of this Stipulation or the Supplemental Agreement shall be effective unless in writing and signed by the Settling Parties or their successors-in- interest.

5. This Stipulation, the Supplemental Agreement, and the exhibits attached hereto, constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning this Stipulation, its exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

6. Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, joint defense or common interest privilege, or work product protection.

7. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

8. All designations and agreements made, or orders entered during the course of the Class Action relating to the confidentiality of documents or information, shall survive this Stipulation.

9. Except as otherwise provided herein, each Settling Party shall bear its own costs.

10. Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund, and the Released Parties shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

11.     Lead Plaintiffs' Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class.

12.     The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

13.     This Stipulation may be executed in one or more original, photocopied, or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. The Settling Parties shall exchange among themselves original signed counterparts of this Stipulation, and a complete set of executed counterparts of this Stipulation shall be filed with the Court.

14.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Settling Parties. No assignment shall relieve any party hereto of any obligations hereunder.

15.     All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of New York without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

16.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement, those disputes will be resolved by the Mediator first by way of mediation and, if unsuccessful, then by way of final, binding, non-appealable arbitration.

17.     The Lead Plaintiffs, on behalf of each of themselves and each member of the Settlement Class, and Defendants hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel, Awards to Lead Plaintiffs, and enforcing the terms of this Stipulation.

18.     None of the Settling Parties shall be considered to be the drafter of this Stipulation or any provision hereof for purposes of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

19.     Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by any Settling Party of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a finding of the validity or invalidity of any claims in the Class Action or of any wrongdoing by any Defendant named therein. This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any fault, liability, or wrongdoing by any person or entity.

20.     The Settling Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the Settlement Class Members against the Released Parties. Accordingly, unless the Court's Order and Final Judgment

approving the Settlement does not become Final, the Settling Parties agree not to assert in any forum that the Class Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. Additionally, the Settling Parties shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Class Action. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

21.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

22.     The waiver of one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

23.     The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose

whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: December 21, 2018

**LEVI & KORSINSKY, LLP**

Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

- and -

**BRAGAR EAGEL & SQUIRE, P.C.**

Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
Tel.: (212) 355-4648
Fax: (212) 214-0506
shopkins@zlk.com

*Counsel for Lead Plaintiffs and the Class*

**BAKER & HOSTETLER LLP**

Douglas W. Greene
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Tel.: (206) 332-1380
Fax: (206) 624-7317
dgreene@bakerlaw.com

Tiffany A. Miao
45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4266
Fax: (212) 589-4201
tmiao@bakerlaw.com

*Counsel for Defendants*

whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: December 21, 2018

**LEVI & KORSINSKY, LLP**

_____
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

- and -

**BRAGAR EAGEL & SQUIRE, P.C.**

_____
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
Tel.: (212) 355-4648
Fax: (212) 214-0506
shopkins@zlk.com

*Counsel for Lead Plaintiffs and the Class*

**BAKER & HOSTETLER LLP**

_____
Douglas W. Greene
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Tel.: (206) 332-1380
Fax: (206) 624-7317
dgreene@bakerlaw.com

Tiffany A. Miao
45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4266
Fax: (212) 589-4201
tmiao@bakerlaw.com

*Counsel for Defendants*

whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

Dated: December 21, 2018

**LEVI & KORSINSKY, LLP**

_____

Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

- and -

**BRAGAR EAGEL & SQUIRE, P.C.**

_____

Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
Tel.: (212) 355-4648
Fax: (212) 214-0506
shopkins@zlk.com

_Counsel for Lead Plaintiffs and the Class_

**BAKER & HOSTETLER LLP**

_____

Douglas W. Greene
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Tel.: (206) 332-1380
Fax: (206) 624-7317
dgreene@bakerlaw.com

Tiffany A. Miao
45 Rockefeller Plaza
New York, NY 10111-0100
Tel.: (212) 589-4266
Fax: (212) 589-4201
tmiao@bakerlaw.com

_Counsel for Defendants_

# Exhibit A

**LEVI & KORSINSKY, LLP.**
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

Counsel for Lead Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS CULLINAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CEMTREX, INC., SAAGAR GOVIL, ARON GOVIL and RENATO DELA RAMA, <br><br> Defendants. | No.: 2:17-cv-01067 (JFB) (AYS) <br><br> [Proposed] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE <br><br> Honorable Joseph F. Bianco |

WHEREAS, Umang Khetarpal, Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen (collectively, "Lead Plaintiffs"),  on behalf of themselves and the putative securities class (collectively, "Securities Plaintiffs"); and Cemtrex Inc. ("Cemtrex"), Saagar Govil, Aron Govil, and Renato Dela Rama (the "Defendants") (collectively with Securities Plaintiffs, the "Settling Parties"), have entered, by and through their respective counsel, into a settlement of the claims asserted in the Class Action, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated December 21, 2018 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Amended Complaint filed in the Action; and the Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Settlement Class Members ("Plan of Allocation"), the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this ____ day of _____, 201__, that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Class Action is hereby preliminarily certified as a class action on behalf of all persons who purchased or otherwise acquired Cemtrex

securities during the period from December 26, 2012 through and including March 6, 2017. Excluded from the Settlement Class are:

a.      Defendants, and all current and former officers, directors, and control persons of Cemtrex, and such excluded persons' immediate families and Defendants' legal representatives, heirs, successors and assigns, any entity in which any excluded person has or has had a controlling interest, and Cemtrex predecessors; and

b.      Those persons who file valid and timely requests for exclusion in accordance with this Order;

c.      Those persons who have a net profit in purchases and sales of Cemtrex securities or otherwise suffered no compensable damages.

3.      The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members are so numerous that joinder of all the Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Lead Plaintiffs' Counsel previously selected by Lead

Plaintiffs and appointed by the Court (Levi & Korsinsky LLP) is hereby appointed as Lead Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _____ 201__, at _____.m. for the following purposes:

(a) to finally determine whether the Class Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and payment to Lead Plaintiffs;

(f) to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

(g) to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing this Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses or payment to Lead Plaintiffs.

7.      The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8.      The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

9.      Lead Plaintiffs' Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     RG/2 Claims Administration LLC is appointed and approved as the Claims Administrator for the Settlement.

11.     Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

12.     Cemtrex and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of Cemtrex securities during the Settlement Class Period are hereby ordered to produce such transfer records in a usable electronic format (if presently in such format) to Lead Plaintiffs' Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order, provided however that the records of legal owners of Cemtrex securities need not include any owner that is excluded from the Settlement Class.

13.     Lead Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired Cemtrex securities during the Settlement Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

14.     Lead Plaintiffs' Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Settlement Class Members and to nominees.

15.     Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) business days after the entry of this Order. Lead

Plaintiffs' Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel and file with the Court proof of publication of the Summary Notice.

16.     The forms and methods set forth herein of notifying the Settlement Class and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than seventy-five (75) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d) For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

18.     All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all

other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

19.    Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to specify in their request all their purchases and sales of Cemtrex securities during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, is made within the time stated above, and is filed and served on both Lead Plaintiffs' Counsel and Defendants' counsel, or the exclusion is otherwise accepted by the Court. Lead Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

20.    Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

21.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead

Plaintiffs, only if such comments or objections and any supporting papers are served to be received at least fourteen (14) calendar days prior to the Settlement Hearing, upon each of the following:

**CLASS COUNSEL**

Shannon L. Hopkins
LEVI & KORSINSKY, LLP
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

**COUNSEL FOR DEFENDANTS**

Douglas W. Greene, *pro hac vice*
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380
Facsimile: (206) 624-7317
dgreene@bakerlaw.com

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, the application for Attorneys' Fees and Expenses, and/or payment to Lead Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and payment to Lead Plaintiffs.

23.     The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

24.     All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed and served twenty-one (21) calendar days before the Settlement Hearing.

25.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

26.     Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Action is stayed.

27.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any

person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

28.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED.**

Dated:_____                                  _____
                                                     HON. JOSEPH F. BIANCO
                                                     UNITED STATES DISTRICT JUDGE

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS CULLINAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                                Plaintiff,<br><br>                v.<br><br>CEMTREX, INC., SAAGAR GOVIL, ARON GOVIL and RENATO DELA RAMA,<br><br>                                Defendants. | No.: 2:17-cv-01067 (JFB) (AYS)<br><br>CLASS ACTION |

**NOTICE OF PENDENCY AND**
**SETTLEMENT OF CLASS ACTION**

If you purchased or otherwise acquired Cemtrex, Inc. ("Cemtrex" or the "Company") securities during the period from December 26, 2012 through and including March 6, 2017 (the "Class Period"), you could get a payment from a class action settlement (the "Settlement").

Under law, a federal court has authorized this Notice.

•        If approved by the Court, the Settlement will provide $625,000, plus any interest earned thereon (the "Settlement Amount"), to pay claims of investors who purchased Cemtrex securities during the period from December 26, 2012 through and including March 6, 2017.

•        The Settlement represents an average recovery of $0.12 per share for the 5.2 million estimated shares that Lead Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged misconduct during the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold Cemtrex securities and the total number and amount of claims filed.

•        Attorneys for Lead Plaintiffs ("Class Counsel") intend to ask the Court to award them fees of $156,250 (25% of the Settlement Amount), reimbursement of litigation expenses of no more than $80,000 and an award to the Lead Plaintiffs as follows: amounts not to exceed $22,000 to Dr. Khetarpal; and $2,500 to each of the remaining lead plaintiffs Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen. Collectively, the attorneys' fees are estimated to average $0.03 per Cemtrex share. If approved by the Court, these amounts will be paid from the Settlement Fund.

•        The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.07 per Cemtrex share. This estimate is based on the assumptions set

forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.

•       The Settlement resolves the lawsuit concerning whether Cemtrex and its officers and directors made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Amended Complaint, including that: (1) Cemtrex made false or misleading statements relating to its acquisition of the German subsidiary, Periscope; (2) Cemtrex made false or misleading statements relating to Cemtrex India; and (3) Cemtrex made false or misleading statements regarding its internal controls and disclosure compliance. Defendants Cemtrex Inc. ("Cemtrex"), Saagar Govil, Aron Govil, and Renato Dela Rama (the "Defendants") deny all allegations of misconduct.

•       Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| SUBMIT A PROOF OF CLAIM FORM NO LATER THAN_____ __, 201__ | The only way to get a payment. |
| EXCLUDE YOURSELF NO LATER THAN _____ __, 201__ | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| OBJECT NO LATER THAN _____ __, 201__ | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING ON _____ __, 201__ | Speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

## INQUIRIES

Please do not contact the Court regarding this notice. All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class members should be directed to:

| | |
|---|---|
| Cemtrex, Inc. Securities Litigation Settlement c/o RG/2 Claims Administration LLC P.O. Box 59479 Philadelphia, PA 19102-9479 | LEVI & KORSINSKY, LLP 733 Summer Street, Suite 304 Stamford, CT 06901 Tel.: (203) 992-4523 Fax: (212) 363-7171 |

## COMMON QUESTIONS AND ANSWERS
## CONCERNING THE SETTLEMENT

**1.  Why did I get this Notice?**

You or someone in your family may have acquired Cemtrex securities during the Class Period.

**2.  What is this lawsuit about?**

The case is known as *Cullinan v. Cemtrex, Inc., et al.*, Case No. 2:17-cv-01067 (the "Class Action"), and the Court in charge of the case is the United States District Court for the Eastern District of New York.

The Class Action involves whether the Defendants violated the federal securities laws because the Company allegedly made false and misleading statements to the investing public as set out in the Amended Complaint, including statements about (1) its German subsidiary, Periscope; (2) Cemtrex India; and (3) its internal controls and disclosure compliance. Defendants deny they did anything wrong. The Settlement resolves all of the claims in the Class Action against the Defendants.

**3.  Why is this a class action?**

In a class action, one or more persons and/or entities, called Lead Plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members. One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

**4.  Why is there a Settlement?**

Lead Plaintiffs and Defendants do not agree about the merits of Lead Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which the Lead Plaintiffs and Defendants disagree include: (1) whether Defendants made false and misleading statements or omitted to disclose material facts; (2) whether Defendants made these statements or omissions with the intent to defraud the investing public; (3) whether the statements or omissions were the cause of the Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Class Members.

This matter has not gone to trial, and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the Class Action. The Lead Plaintiffs and Class Counsel believe the settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Even if Plaintiffs were to win at trial and also withstand Defendants' inevitable challenge on appeal, Plaintiffs might not be able to collect some, or all, of the judgment.

**5.  How do I know if I am part of the Class settlement?**

To be a Class Member, you must have purchased or otherwise acquired Cemtrex securities during the period from December 26, 2012 through and including March 6, 2017.

**6.   Are there exceptions to being included?**

Yes. Excluded from the Class are Defendants, and all officers and directors of Cemtrex, and the members of such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest. Also, if you exclude yourself from the Class, as described below, you are not a part of the Class. You are also excluded from the Class if you have a net profit in purchases and sales of Cemtrex securities or otherwise suffered no compensable damages during the Class Period.

**7.   What does the Settlement provide?**

**a.   What is the Settlement Fund?**

The proposed Settlement calls for Defendants to create a Settlement Fund (the "Settlement Fund") in the amount of $625,000.  Subject to the Court's approval, a portion of the Settlement Fund will be used to pay Lead Plaintiffs' attorneys' fees and reasonable litigation expenses and any award to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**b.   What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Cemtrex securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiffs and Class Counsel for attorneys' fees, costs, and expenses.

The compensable loss per share ("Recognized Loss") of each Authorized Claimant shall be calculated according to the following formula:

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| How will my claim be calculated? |
| --- |

1.   As discussed above, the Settlement provides $625,000 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this

proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www._____.com.

2.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3.     The Plan of Allocation was developed in consultation with Plaintiffs' damages expert. In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Cemtrex common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Cemtrex common stock in reaction to the public disclosure that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Cemtrex-specific information.

4.     In order to have recoverable damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Cemtrex common stock. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the period from December 26, 2012 through and including March 6, 2017, which had the effect of artificially inflating the prices of Cemtrex common stock. Artificial inflation was removed from the price of Cemtrex common stock as the result of the alleged corrective disclosures that occurred on February 22, 2017.[1]

5.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Plaintiffs allege that corrective information allegedly impacting the price of Cemtrex common stock (referred to as the "corrective disclosure") was released to the market. In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Cemtrex securities must have been purchased or otherwise acquired during the Class Period and held through the issuance of the corrective disclosure.

---

[1]Any transactions in Cemtrex securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNT

6.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Cemtrex shares during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

7.      For each share of Cemtrex securities purchased or otherwise acquired during the period December 26, 2012 through February 21, 2017 and:

        o       Sold within the same period, the Recognized Loss Amount per share is zero.

        o       Retained at the end of February 21, 2017 and sold before May 22, 2017 the claim per share shall be the lesser of: (i) $1.73; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table-1 below.

        o       Held as of the close of trading on May 22, 2017, or sold thereafter, the claim per share shall be the lesser of (i) $1.73; (ii) the difference between the purchase price and the sale price; and (iii) the difference between the purchase price and $3.36 per share.[2]

8.      For each share of Cemtrex securities purchased or otherwise acquired during the period February 21, 2017 through March 6, 2017 the Recognized Loss Amount per share is zero.

---

[2] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Cemtrex common stock during the 90-day look-back period. The mean (average) closing price for Cemtrex common stock during this 90-day look-back period was $3.36 as shown in Table-1.

# TABLE-1

**Cemtrex Closing Price and Average Closing Price**
**February 22, 2017 – May 22, 2017**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|------|------|------|------|------|
| 2/22/2017 | $3.40 | $3.40 | 4/7/2017 | $3.10 | $3.42 |
| 2/23/2017 | $4.02 | $3.71 | 4/10/2017 | $3.16 | $3.41 |
| 2/24/2017 | $4.01 | $3.81 | 4/11/2017 | $3.06 | $3.40 |
| 2/27/2017 | $3.82 | $3.81 | 4/12/2017 | $3.10 | $3.40 |
| 2/28/2017 | $3.54 | $3.76 | 4/13/2017 | $3.10 | $3.39 |
| 3/1/2017 | $4.05 | $3.81 | 4/17/2017 | $3.14 | $3.38 |
| 3/2/2017 | $3.66 | $3.79 | 4/18/2017 | $3.22 | $3.38 |
| 3/3/2017 | $3.67 | $3.77 | 4/19/2017 | $3.32 | $3.38 |
| 3/6/2017 | $3.35 | $3.72 | 4/20/2017 | $3.35 | $3.37 |
| 3/7/2017 | $3.39 | $3.69 | 4/21/2017 | $3.37 | $3.37 |
| 3/8/2017 | $3.37 | $3.66 | 4/24/2017 | $3.25 | $3.37 |
| 3/9/2017 | $3.47 | $3.65 | 4/25/2017 | $3.23 | $3.37 |
| 3/10/2017 | $3.52 | $3.64 | 4/26/2017 | $3.18 | $3.36 |
| 3/13/2017 | $3.45 | $3.62 | 4/27/2017 | $3.23 | $3.36 |
| 3/14/2017 | $3.33 | $3.60 | 4/28/2017 | $3.19 | $3.36 |
| 3/15/2017 | $3.26 | $3.58 | 5/1/2017 | $3.08 | $3.35 |
| 3/16/2017 | $3.32 | $3.57 | 5/2/2017 | $3.17 | $3.35 |
| 3/17/2017 | $3.17 | $3.54 | 5/3/2017 | $3.16 | $3.34 |
| 3/20/2017 | $3.06 | $3.52 | 5/4/2017 | $3.16 | $3.34 |
| 3/21/2017 | $3.07 | $3.50 | 5/5/2017 | $3.22 | $3.34 |
| 3/22/2017 | $3.17 | $3.48 | 5/8/2017 | $3.23 | $3.34 |
| 3/23/2017 | $3.28 | $3.47 | 5/9/2017 | $3.41 | $3.34 |
| 3/24/2017 | $3.31 | $3.46 | 5/10/2017 | $3.34 | $3.34 |
| 3/27/2017 | $3.35 | $3.46 | 5/11/2017 | $3.20 | $3.34 |
| 3/28/2017 | $3.30 | $3.45 | 5/12/2017 | $3.22 | $3.33 |
| 3/29/2017 | $3.41 | $3.45 | 5/15/2017 | $3.20 | $3.33 |
| 3/30/2017 | $3.60 | $3.46 | 5/16/2017 | $3.15 | $3.33 |
| 3/31/2017 | $3.53 | $3.46 | 5/17/2017 | $3.94 | $3.34 |
| 4/3/2017 | $3.35 | $3.46 | 5/18/2017 | $3.81 | $3.35 |
| 4/4/2017 | $3.27 | $3.45 | 5/19/2017 | $3.82 | $3.35 |
| 4/5/2017 | $3.15 | $3.44 | 5/22/2017 | $3.72 | $3.36 |
| 4/6/2017 | $3.15 | $3.43 | | | |

## **ADDITIONAL PROVISIONS**

9.      If a Class Member held shares of Cemtrex securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales of Cemtrex shares during or after the Class Period, the starting point for calculating a Claimant's Recognized Loss is to match the Claimant's holdings, purchases and acquisitions to their sales using the FIFO (i.e., first-in-first-out) method. Under the FIFO method, Cemtrex shares sold during the Class Period will be matched, in chronological order first against Cemtrex shares held at the beginning of the Class Period. The remaining sales of Cemtrex shares during the Class Period will then be matched, in chronological order against Cemtrex shares purchased or acquired during the Class Period.

10.      Purchases or acquisitions and sales of Cemtrex securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Cemtrex shares during the Class Period shall not be deemed a purchase, acquisition or sale of Cemtrex securities for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

11.      An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Loss of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Loss of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater.

### **8.   How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release" (the "Proof of Claim"). This claim form is attached to this Notice. You may also obtain a claim form on the Internet at [XXX]. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the Proof of Claim form together with all documentation requested in the form, postmarked no later than _____ __, 201__, to:

Cemtrex, Inc. Securities Litigation Settlement
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant".

**9.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all claims against the Defendants, their past or present or future subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, and attorneys (including in-house counsel and outside attorneys), auditors, and insurers; the immediate family members, representatives, and heirs of the Defendants; any trust of which any Defendant is the settlor or which is for the benefit of any immediate family member of any Defendant; any firm, trust, corporation, or entity in which any of the Defendants has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of the Defendants, in connection with your acquisition of Cemtrex securities during the Class Period, except that you do not release the Released Parties from any claim or action to enforce the Settlement. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the Proof of Claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Party to recover losses from the acquisition or sale of Cemtrex securities during the Class Period, except to enforce the Settlement. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of Cemtrex securities during the Class Period.

**10. How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue any of the Defendants on your own based on the legal claims raised in this Class Action, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member from *Cullinan v. Cemtrex, Inc., et al.*, Case No. 2:17-cv-01067. To be valid, your request must include your name, address, telephone number and your signature, along with an accurate list of all of your purchases and sales of Cemtrex securities (including the date, number of shares, and the amount of each purchase and sale). You must mail your exclusion request so that it is received no later than _____, 2018, to both:

Cemtrex, Inc. Securities Litigation Settlement
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

And to

Douglas W. Greene, Esq.
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded, you will not be legally bound by anything that happens in this Class Action.

**11. If I do not exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue any of the Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

**12. Do I have a lawyer in this case?**

The Court appointed Levi & Korsinsky LLP as Lead Counsel, also referred to as Class Counsel, to represent you and the Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Levi & Korsinsky LLP is provided below.

**13. How will the lawyers be paid?**

Class Counsel have expended considerable time litigating this action on a contingent fee basis, and they have paid for the expenses of the litigation themselves and have not been paid attorneys' fees in advance of this Settlement. Class Counsel have done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Class Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees of $156,250 (25% of the Settlement Amount), reimbursement of litigation expenses of no more than $80,000 and an award to the Lead Plaintiffs as follows: amounts not to exceed $22,000 to Dr. Khetarpal; and $2,500 to each of the remaining lead plaintiffs Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**14. How do I tell the Court if I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, Class Counsel's motion for attorneys' fees, or payment to Lead Plaintiffs and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Cullinan v. Cemtrex, Inc., et al.*, Case No. 2:17-cv-01067. Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of Cemtrex securities in order to show your membership in the Class, and all of the reasons you object to the Settlement. Be sure to mail the objections to the three different places listed below, to be received no later than _____ __, 201__, so the Court will consider your views:

| Clerk of the Court | Shannon L. Hopkins | Douglas W. Greene |
|---|---|---|
| United States District Court | LEVI & KORSINSKY, LLP | BAKER & HOSTETLER LLP |
| Eastern District of New York | 733 Summer Street, Suite 304 | 999 Third Avenue, Ste 3600 |
| 100 Federal Plaza | Stamford, CT 06901 | Seattle, WA 98104-4040 |
| Central Islip, NY 11722 | Tel.: (203) 992-4523 | Tel.: (206) 332-1380 |
| | Fax: (212) 363-7171 | Fax: (206) 624-7317 |

**15. What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class. Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**16. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____, 201__, at _____ _.m. in the United States District Court for the Eastern District of New York, Courtroom 1040, 100 Federal Plaza, Central Islip, NY 11722. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel for attorneys' fees and expenses.

**17. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**18. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims made in this case ever again.

DATED: _____, 201__.

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF NEW YORK

# Exhibit A-2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CULLINAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CEMTREX, INC., SAAGAR GOVIL, ARON GOVIL and RENATO DELA RAMA,<br><br>Defendants. | No.: 2:17-cv-01067 (JFB) (AYS)<br><br>CLASS ACTION |

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

**TO:**   **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CEMTREX, INC. SECURITIES DURING THE PERIOD FROM DECEMBER 26, 2012 THROUGH MARCH 6, 2017, INCLUSIVE.**

**YOU ARE HEREBY NOTIFIED,** pursuant to an Order of the United States District Court for the Eastern District of New York, that a hearing will be held on _____ at __ _.m. in Courtroom 1040 before the Honorable Joseph F. Bianco, United States District Judge of the Eastern District of New York, 100 Federal Plaza, Central Islip, NY, 11722 (the "Settlement Hearing") for the purpose of determining: (1) whether the proposed Settlement consisting of the sum of $625,000 (the "Settlement Amount") should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application for an award of attorneys' fees of $156,250 (25% of the Settlement Amount), reimbursement of litigation expenses of no more than $80,000, and an award to the Lead Plaintiffs as follows: amounts not to exceed $22,000 to Dr. Khetarpal; and $2,500 to each of the remaining lead plaintiffs Benjamin Webb, Gang Chen, Timothy Heath,

and Minh Nguyen should be approved; and (4) whether the Class Action should be dismissed with prejudice.

If you purchased Cemtrex, Inc. securities during the Class Period from December 26, 2012 through March 6, 2017, inclusive, your rights may be affected by the Settlement of this Class Action. If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to the Claims Administrator at: Cemtrex, Inc. Litigation, c/o RG/2 Claims Administration LLC, or going to the website, _____. If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 201__ to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim. If you would like to be excluded from the Class, you must submit a request for exclusion so that it is received no later than _____, 201__, in the manner and form explained in the detailed Notice. Any objection to the Settlement, Plan of Allocation, Class Counsel's request for an award of attorneys' fees and reimbursement of expenses, or payment to Lead Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than _____, 201__ by each of the following:

| Clerk of the Court United States District Court Eastern District of New York 100 Federal Plaza Central Islip, NY 11722 | Shannon L. Hopkins LEVI & KORSINSKY, LLP 733 Summer Street, Suite 304 Stamford, CT 06901 Tel.: (203) 992-4523 Fax: (212) 363-7171 | Douglas W. Greene BAKER & HOSTETLER LLP 999 Third Avenue, Suite 3600 Seattle, WA 98104-4040 Tel.: (206) 332-1380 Fax: (206) 624-7317 |
|---|---|---|

If you have any questions about the Settlement, you may call or write to Class Counsel:

Shannon L. Hopkins
LEVI & KORSINSKY, LLP
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171


PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.


IT IS SO ORDERED.



Dated:_____               BY ORDER OF THE UNITED STATES
                                  DISTRICT COURT FOR THE
                                  EASTERN DISTRICT OF NEW YORK

# Exhibit A-3

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission:** _____

IF YOU PURCHASED OR OTHERWISE ACQUIRED CEMTREX, INC. SECURITIES DURING THE PERIOD FROM DECEMBER 26, 2012 THROUGH MARCH 6, 2017, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN TO RG/2 CLAIMS ADMINISTRATION LLC, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Cemtrex, Inc. Securities Litigation Settlement
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 201__ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired Cemtrex, Inc. ("Cemtrex") securities and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Cemtrex securities during the designated Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Cemtrex shares during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Cemtrex securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at XXX-XXX-XXXX or visit their website at www.xxx.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## I. CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |
| | |
| Address: | |
| | |

| City | State | ZIP |
|---|---|---|

| Foreign Provence | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

| Email |
|---|

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|

## II.   SCHEDULE OF TRANSACTIONS IN CEMTREX SHARES

**Beginning Holdings:**

A.  State the total number of shares of Cemtrex securities owned at the close of trading on December 25, 2012 (*must be documented).*

**Purchases:**

B.  Separately list each and every purchase or acquisition of Cemtrex shares during the period from December 26, 2012 through May 22, 2017, inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of Cemtrex securities during the period from December 26, 2012 through May 22, 2017, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D. State the total number of shares of Cemtrex owned at the close of trading on March 6, 2017 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 201__ AND MUST BE MAILED TO:**

Cemtrex, Inc. Securities Litigation Settlement
c/o RG/2 Claims Administration LLC
P.O. Box 59479
Philadelphia, PA 19102-9479

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by_____, 201__ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page _____. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# Exhibit B

**LEVI & KORSINSKY, LLP.**
Shannon L. Hopkins
733 Summer Street, Suite 304
Stamford, CT 06901
Tel.: (203) 992-4523
Fax: (212) 363-7171
shopkins@zlk.com

 Counsel for Lead Plaintiffs and the Class

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CULLINAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CEMTREX, INC., SAAGAR GOVIL, ARON GOVIL and RENATO DELA RAMA,<br><br>Defendants. | No.: 2:17-cv-01067 (JFB) (AYS)<br><br>[Proposed] ORDER AND FINAL JUDGMENT |

On the ____day of____, 201__, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 21, 2018 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) the Settlement Class against (ii) Defendants Cemtrex, Inc. ("Cemtrex"), Saagar Govil, Aron Govil, and Renato Dela Rama; and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Class Action, Lead Plaintiffs, all Settlement Class Members and Defendants.

3.      The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs

are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action. The Settlement Class is being certified for settlement purposes only.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Settlement Class all persons or entities who purchased or otherwise acquired Cemtrex securities from December 26, 2012, through March 6, 2017, and who were damaged thereby. Excluded from the Settlement Class are:

a.      Defendants, and all current and former officers, directors, and control persons of Cemtrex, and such excluded persons' immediate families and Defendants' legal representatives, heirs, successors and assigns, any entity in which any excluded person has or has had a controlling interest, and Cemtrex predecessors; and

b.      Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

c.      Persons who have a net profit in purchases and sales of Cemtrex securities or otherwise suffered no compensable damages during the Class Period.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are certified as class representatives and the Lead Plaintiffs' Counsel previously selected by Lead

Plaintiffs and appointed by the Court is hereby appointed as Lead Plaintiffs' Counsel for the Settlement Class (or "Class Counsel").

      6.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Settlement Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

      7.     The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

      8.     The Class Action is hereby dismissed with prejudice and without costs, except as provided for in the Stipulation.

9.     Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby forever release and discharge the Released Parties from any and all Settled Claims. Lead Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims.

10.     Defendants and their successors in interest or assigns, hereby forever release and discharge any and all of the Settled Defendants' Claims against the Lead Plaintiffs, any of the Settlement Class Members and any of their counsel, including Lead Plaintiffs' Counsel for the Settlement Class and any counsel working under Lead Plaintiffs' Counsel's direction.

11.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

12.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any person or entity against the Released Parties (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiffs or the Settlement Class, are hereby permanently barred and discharged.

13.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a.     referred to or used against the Released Parties or against the Lead Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

b.      construed against the Released Parties or against the Lead Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

c.      construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

d.      used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15.    Exclusive jurisdiction is  hereby  retained over Defendants and the Settlement Class Members for all matters relating to the Class Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

16.    Without further order of the Court, Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses.

19.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3, G, L.6-9, N.4-6, 8, 13-14, and 17-18 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Class Action.

**IT IS SO ORDERED.**

Dated:_____                    _____
                                     HON. JOSEPH F. BIANCO
                                     UNITED STATES DISTRICT JUDGE