UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CULLINAN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CEMTREX, INC., SAAGAR GOVIL, ARUN GOVIL and RENATO DELA RAMA,<br><br>　　　　　　　　　　　　Defendants. | Consolidated Case No.: 2:17-cv-01067<br><br>Judge Joseph F. Bianco<br><br>**FILED**<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br><br>★　MAY 23 2019　★<br><br>LONG ISLAND OFFICE |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS FOR LEAD PLAINTIFFS

　　　　This matter came on for hearing on May 22, 2019 (the "Settlement Fairness Hearing") on Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards for Lead Plaintiffs. The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in print in *Investor's Business Daily* and online through *GlobeNewswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

　　　　NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

　　　　1.　　This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 21, 2018 (the "Stipulation") (ECF No. 66-1) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.  The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.  Notice of Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards for Lead Plaintiffs was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Awards for Lead Plaintiffs satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.  Counsel are hereby awarded attorneys' fees in the amount $ 156,250.00, which sum the Court finds to be fair and reasonable, and $ 24,591.85 in reimbursement of Counsel's litigation expenses, which fees and expenses shall be paid from the Settlement Fund. Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. 

5.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a)  The Settlement has created a fund of $625,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Counsel;

    (b)  The fee sought by Counsel has been reviewed and approved as reasonable by the Court-appointed Lead Plaintiffs Umang Khetarpal ("Khetarpal"), Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen (collectively, "Lead Plaintiffs" or the "Class Representatives"), who oversaw the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 21,000 potential Settlement Class Members and nominees stating that Counsel would apply for attorneys' fees in an amount not exceed 25% of the Settlement Fund (or $156,250) and reimbursement of Litigation Expenses in an amount not to exceed $80,000;

(d) Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Counsel devoted over 1,089 hours, with a lodestar value of $675,660.50 and incurred expenses totaling $24,591.85 to achieve the Settlement;

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i) There were no objections to the requested attorneys' fees and expenses.

6. Lead Plaintiff Umang Khetarpal is hereby awarded $22,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

7. Lead Plaintiffs Benjamin Webb, Gang Chen, Timothy Heath, and Minh Nguyen are hereby each awarded $2,500 from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to its representation of the Settlement Class.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED,** this 23rd day of May, 2019.

S/ JOSEPH F BIANCO

_____
HON. JOSEPH F. BIANCO
UNITED STATES ~~DISTRICT~~ Circuit JUDGE
(sitting by designation)